*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2016).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-1176**

Noelle L. Norris,
Relator,

vs.

Mayo Foundation for Medical Education & Research,
Respondent,

Department of Employment and Economic Development,
Respondent.

**Filed February 27, 2017
Affirmed
Reilly, Judge**

Department of Employment and Economic Development
File No. 34480318-3

Noelle L. Norris, Rochester, Minnesota (pro se relator)

Mayo Foundation for Medical Education & Research, Rochester, Minnesota (respondent employer)

Lee B. Nelson, Keri A. Phillips, Department of Employment and Economic Development, St. Paul, Minnesota (for respondent department)

Considered and decided by Hooten, Presiding Judge; Reilly, Judge; and Smith, Tracy M., Judge.

UNPUBLISHED OPINION

**REILLY**, Judge

Relator Noelle L. Norris challenges the determination of an unemployment-law judge (the ULJ) that she is ineligible for unemployment benefits because she was discharged for employment misconduct. Because substantial evidence supports the ULJ's determination that relator committed employment misconduct by falsifying work documentation, we affirm.

## FACTS

Relator challenges the ULJ's determination that she was discharged for employment misconduct. At the time of her discharge, relator was employed as a pharmacy technician with respondent Mayo Foundation for Medical Education and Research (Mayo). Her duties included performing a monthly check of an automated pharmaceutical-dispensing machine, known as a pyxis machine, located in an inpatient area of the hospital. In January 2016, relator submitted a checklist indicating that she performed a monthly check of the pyxis machine. Mayo later discovered that relator did not check the machine and terminated her employment for falsifying work documentation in violation of Mayo's employment policies.

Relator subsequently applied for unemployment benefits. The Minnesota Department of Employment and Economic Development (DEED) determined that relator was ineligible for unemployment benefits because she was discharged for employee misconduct "for logging work that was not performed." Relator appealed DEED's determination. The ULJ conducted a telephone hearing at which relator testified on her

own behalf, and a technician supervisor and a human-resources advisor testified on behalf of Mayo. The ULJ issued a decision, determining that relator was discharged for employee misconduct and was therefore ineligible to receive unemployment benefits. Relator requested reconsideration of the ULJ's decision, which was denied.

This certiorari appeal follows.

## D E C I S I O N

### 1. Substantial evidence supports the ULJ's finding that relator committed conduct constituting employee misconduct.

When reviewing an unemployment insurance benefits decision this court may affirm, remand the case for further proceedings, or reverse and modify the decision if the substantial rights of the relator have been prejudiced because, among other things, the decision is unsupported by substantial evidence in view of the entire record as submitted. Minn. Stat. § 268.105, subd. 7(d) (2016). An applicant who is discharged for employment misconduct is ineligible for unemployment benefits. Minn. Stat. § 268.095, subd. 4 (2016). "Whether an employee engaged in conduct that disqualifies the employee from unemployment benefits is a mixed question of fact and law." *Stagg v. Vintage Place Inc.*, 796 N.W.2d 312, 315 (Minn. 2011). Whether an employee committed a particular act is a question of fact viewed in the light most favorable to the ULJ's decision and affirmed if supported by substantial evidence. *Skarhus v. Davanni's Inc.*, 721 N.W.2d 340, 344 (Minn. App. 2006). But we review de novo the legal question of whether the particular act committed by the employee constitutes employment misconduct. *Id.*

3

Employment misconduct is defined as "any intentional, negligent, or indifferent conduct, on the job or off the job that displays clearly: (1) a serious violation of the standards of behavior the employer has the right to reasonably expect of the employee; or (2) a substantial lack of concern for the employment." Minn. Stat. § 268.095 subd. 6 (2016). Refusing to abide by an employer's reasonable policies and requests ordinarily amounts to employment misconduct. *Schmidgall v. FilmTec Corp.*, 644 N.W.2d 801, 804 (Minn. 2002).

The ULJ found that Mayo had "the right to reasonably expect that employees will properly complete duties and that they will properly report duties completed." The ULJ found that the preponderance of the evidence demonstrated that relator "seriously violated this expectation" by knowingly submitting false documentation. The ULJ determined that "[k]nowingly turning in documentation indicating that she had completed tasks that she had not was a serious violation of the employer's reasonable expectations [and] showed a substantial lack of concern for the employment." We agree.

Mayo adopted a policy articulating a set of guidelines for the corrective-action process to be followed when an employee's performance interferes with Mayo's operations or patient care. Falsification of data and documentation is "considered serious at Mayo" because it "involve[s] a willful disregard of expectations that may have an immediate negative impact" on Mayo's goals or "may put individuals or the organization at risk," and provides grounds for immediate termination. Relator conceded that she submitted documentation claiming that she performed a monthly check of the pyxis machine when she did not perform this duty. Relator's intentional falsification of documentation

4

displayed "a serious violation of the standards of behavior" that Mayo had a right to reasonably expect from her. *See* Minn. Stat. § 268.095, subd. 6(a)(1).

Substantial evidence in the record supports the ULJ's determination that relator is ineligible to receive unemployment benefits because she committed employee misconduct, and appellant has not established reversible error.

## 2. The ULJ did not abuse its discretion by declining to reconsider its ruling.

Relator challenges the ULJ's order denying reconsideration. "A reviewing court accords deference to a ULJ's decision not to hold an additional hearing and will reverse that decision only for an abuse of discretion." *Skarhus*, 721 N.W.2d at 345. When determining whether to grant a request for reconsideration, the ULJ "must not consider any evidence that was not submitted at the [evidentiary] hearing," but must order an additional evidentiary hearing to consider new evidence if it "would likely change the outcome of the decision and there was good cause for not having previously submitted that evidence." Minn. Stat. § 268.105, subd. 2(c) (2016).

Relator's request for reconsideration fails to satisfy this test. Relator argues that reconsideration is appropriate because she wants to "correct the record" regarding the pyxis checklist itself. The ULJ rejected this argument, holding that any additional witness testimony "would not change the outcome of the decision." Relator's termination was based on the filing of false documentation, and she has not provided cogent evidence challenging that finding. Moreover, relator has not established good cause for failing to submit her proposed evidence at the evidentiary hearing. Relator does not explain how additional information about the pyxis checklist would alter the conclusion that she

5

intentionally falsified documentation. We therefore discern no abuse of discretion in the ULJ's decision to deny relator's request for reconsideration.

### 3. Relator is not otherwise entitled to relief.

Relator challenges the ULJ's determination on a number of additional grounds.

First, relator argues that Mayo did not have a "specific policy" detailing the importance of the pyxis checklist and she therefore carried out her employment duties in a manner she considered "reasonable under the circumstances." Under the good-faith judgment exception, if judgment is required, a good-faith error in judgment is not employment misconduct. Minn. Stat. § 268.095, subd. 6(b)(6). The good-faith judgment exception is inapplicable here. Acts inconsistent with an employee's training or established procedure are not considered errors of judgment. *See Ress v. Abbott Nw. Hosp., Inc.*, 448 N.W.2d 519, 525 (Minn. 1989). The pyxis checklist itemizes 14 separate maintenance functions that an employee is expected to perform. Relator acknowledged that she was familiar with this checklist and had used the same checklist "for quite a long time." Relator's intentional falsification of the checklist does not constitute an error of judgment and she is not entitled to relief on that basis.

Relator next asserts that she was harassed during her employment and did not get the support she needed from management. The ULJ found that "[t]he only harassment [relator] mentioned was discipline she received. Although [she] may have disagreed with the discipline, that does not show that she was discharged for a reason other than what was provided by [Mayo]." On appeal, relator fails to support her harassment allegations with relevant facts or legal authority, and we consider them forfeited. *See State v. Myhre*, 875

6

N.W.2d 799, 806 (Minn. 2016) (deeming forfeited issues that are raised in a brief but lack adequate factual support or legal argument).

Lastly, relator claims that the ULJ was biased against her because the ULJ gave greater weight to the testimony of Mayo's witnesses. The ULJ heard testimony from relator and from the employer's two witnesses and found the evidence produced by Mayo to be more credible than the evidence produced by relator. We defer to the ULJ's credibility determinations when they are supported by substantial evidence and the ULJ sets forth a valid reason for crediting or discrediting the witness. *See* Minn. Stat. § 268.105, subd. 1a(a) (2016) (stating that the ULJ must set forth the reason for crediting or discrediting testimony when credibility "has a significant effect on the outcome of a decision"); *see also Ywswf v. Teleplan Wireless Servs., Inc.*, 726 N.W.2d 525, 533 (Minn. App. 2007) (noting that we defer to the credibility determination made by the ULJ when it is supported by substantial evidence and provides adequate reasons for the determination). Here, the ULJ fully credited Mayo's witnesses because their testimony was based on firsthand knowledge, was consistent, and was logical. The record supports this determination.

In sum, we affirm the ULJ's decision that relator was discharged for employee misconduct and therefore ineligible to receive unemployment benefits.

**Affirmed.**